O

JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JERRY DURAN; RICHARD THOMAS; and DOES 1–100, inclusive,<br><br>　　　　Defendants. | Case No. 2:14-CV-08439-ODW-PLAx<br><br>**ORDER GRANTING MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS AND DENYING REQUEST TO BAR FUTURE REMOVALS AND PROCEED EX PARTE IN THE EVENT OF FUTURE REMOVALS [6]** |

## I. INTRODUCTION

Plaintiff Deutsche Bank National Trust Company, as Trustee, moves to remand this action to the Superior Court of the State of California, Los Angeles County, Santa Monica Judicial District for lack of federal subject-matter jurisdiction. (ECF No. 6). Further, Plaintiff seeks attorneys' fees and costs in the amount of $962.50 pursuant to 28 U.S.C. § 1447(c); a bar on any future removals of the action; and permission to proceed ex parte if there are any future removals of the action. (*Id.*) Plaintiff argues that Defendant Jerry Duran failed to establish a sufficient basis for removal and is merely attempting to impede Plaintiff's ability to recover possession of the real property. For the reasons discussed below, the Court finds that Defendant had no

objectively reasonable basis for removal. Therefore, the Court **GRANTS** Plaintiff's Motion to Remand and **AWARDS** attorneys' fees against Defendant in the amount of $437.50. (*Id.*) Plaintiff's request for an Order barring future removals of this action and for permission to proceed ex parte in the event there are future removals of this action is **DENIED**.[1] (*Id.*)

## II.   FACTUAL BACKGROUND

Plaintiff's claim arose out of a non-judicial foreclosure sale. (ECF No. 6, Mot. to Remand ["MTR"] 1.) In March 2006, Defendant Jerry Duran executed a deed of trust encumbering the real property in dispute. (*Id.*) In March 2014, Plaintiff purchased this property at a trustee's sale and perfected title. (*Id.*) Plaintiff alleges Defendant remained in possession of the property and on April 16, 2014, Plaintiff filed an unlawful detainer action against Defendant in the Los Angeles County Superior Court. (*Id.* at 2; MTR Ex. 1.)[2]

The hearing on Plaintiff's state-court motion for summary judgment was originally set for August 12, 2014. (MTR 2.) On August 8, 2014, two court days before that hearing, Defendant removed the action to federal court pursuant to 28 U.S.C. § 1441 on the basis of purported federal question jurisdiction. Specifically, Defendant alleged that Plaintiff's claim "is based upon a notice which expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009,' 12 U.S.C § 5201." (MTR Ex. 4, at 2.) Consequently, the hearing on Plaintiff's MSJ was continued. (MTR 2.)

Upon removal this case was assigned to Judge Dale S. Fischer who then remanded the case holding that Plaintiff's Complaint does not state a federal cause of

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

[2] The Court takes judicial notice to the extent it relies on the documents attached to the Request for Judicial Notice (ECF No. 6-1). *See* Fed. R. Evid. Rule 201(b); *C.B. v. Sonora Sch. Dist.*, 691 F. Supp. 2d 1123, 1138 (E.D. Cal. 2009) ("The Court may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the PACER system via the internet.") To the extent the documents are not relied upon, the Request is moot.

action. (*Id.*); *see Deutsche Bank Nat'l Trust Co. v. Duran*, No. CV 14-6253 DSF (FFMx) (C.D. Cal. Aug. 19, 2014) (order remanding case to Superior Court of California, County of Los Angeles).

Once remanded, Plaintiff scheduled another hearing on its MSJ. On September 22, 2014, one day before the hearing, Defendant filed a bankruptcy petition in the United States Bankruptcy Court, Central District. (MTR 3.) As a result, the hearing on Plaintiff's MSJ was once again continued. (*Id.*) On November 4, 2014, the United States Bankruptcy Court, Central District granted Plaintiff's request to lift the automatic bankruptcy stay. (*Id.*; MTR Ex. 9.)

On October 13, 2014, Defendant filed a second Notice of Removal again asserting that Plaintiff's claim implicates the Protecting Tenants at Foreclosure Act of 2009, 12 U.S.C. § 5201. (MTR Ex. 10, at 2.) Plaintiff alleges that it did not receive notice of this motion until it was informed by this Court on November 5, 2014. (MTR 3.) Plaintiff's MSJ hearing was once more continued. (*Id.*) On December 3, 2014, Plaintiff filed this Motion seeking (1) an order from this Court remanding this case to state court, (2) attorneys' fees and costs in the amount of $962.50, and (3) permission to proceed ex parte if there are any future removals of this action. (*Id.* at 4.) Defendant did not file an opposition.

### III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. To exercise diversity jurisdiction, a federal court must find complete diversity of

citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a).

Courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

## IV. DISCUSSION

### A. The Motion to Remand

As an initial matter, Defendant did not file an Opposition to Plaintiff's Motion for Remand. Pursuant to Local Rule 7-12, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." L.R. 7-12. "[T]his alone provides a sufficient basis to grant the motion." *Pac. Value Opportunities Fund II LP v. Eskidjian*, No. LA CV 13-03442 JAK (SPx) 2013 WL 3467312, at *1 (C.D. Cal. July 9, 2013).

Notwithstanding Local Rule 7-12, Defendant's second Notice of Removal was untimely filed. Pursuant to 28 U.S.C. § 1446(b) (provides that a notice of removal shall be filed within 30 days after the defendant's receipt of the complaint.) Defendant was served with the Summons and Complaint of Plaintiff's unlawful detainer action on April 20, 2014. (MTR 7; MTR Ex. 2.) Defendant's second Notice of Removal was filed on October 30, 2014 (MTR 7; *See also* Second Notice of Removal)—over six months past the date he was served with the Complaint. Defendant missed the 30-day time period proscribed by § 1446(b) rendering his Removal motion defective.

Additionally, even had Defendant's Notice of Removal been timely filed, Judge Fischer previously founjd this case is not eligible for removal. *Deutsche Bank*, No. CV 14-6253 DSF (FFMx). As discussed above, in response to Defendant's initial

Notice of Removal, also untimely filed, Judge Fischer *sua sponte* remanded this case to state court. *Id.* Judge Fischer determined "[t]he complaint is a state law unlawful detainer complaint and *does not state a federal cause of action.*" *Id.* (emphasis added). Moreover, Judge Fischer reiterated that "federal jurisdiction is based on the plaintiff's complaint and not on any federal counterclaims or defenses that a defendant might assert." *Id.* Further, as Plaintiff accurately points out, Defendant's second Notice of Removal is identical to his first. (MTR 9.) Consequently, Defendant presents no new information to the Court and the Court finds no reason to disagree with Judge Fischer's earlier decision.

Finally, the Court is not presented with any other basis for removal. Defendant makes no showing that diversity exists between the parties, nor has he presented any facts indicating the amount in controversy meets the $75,000 statutory requirement. Accordingly, consistent with Judge Fischer's August 19, 2014 Order, this Court finds removal improper.

**B.     The Request for Attorneys' Fees**

Plaintiff argues it is entitled to attorneys' fees and costs of $962.50 incurred as a result of filing the present Motion to Remand. (MTR 8.) Plaintiff cites to 28 U.S.C. § 1447(c) which in relevant part provides "[a]n order remanding the case may require payment of just costs and any actual expenses, *including attorney fees*, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added).

In *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005), the Supreme Court granted certiorari to determine the proper standard for awarding attorneys' fees under § 1447(c). The Supreme Court acknowledged that an "appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140. Consistent with that aim, the Supreme Court held that "[a]bsent unusual circumstances, courts

may award attorney's fees under § 1447(c) only *where the removing party lacked an objectively reasonable basis for seeking removal.*" *Id.* at 141 (emphasis added).

     Here, Defendant lacked an objectively reasonable basis for seeking removal. The Court agrees with Plaintiff's assertion that Defendant's second Notice of Removal was merely a tactic to delay the expeditious resolution of this case. (MTR 4, 8, 9.) As described above, the hearing on Plaintiff's MSJ has now been continued four times due to various filings by Defendant. Moreover, Judge Fischer had already held removal in this case would be improper. Despite this, Defendant filed a second, *identical* Notice of Removal five months after the filing deadline passed. The Court finds Defendant did not have an objectively reasonable basis for seeking removal. *Pac. Value Opportunities Fund II LP v. Eskidjian*, No. LA CV 13-03442 JAK (SPx) 2013 WL 3467312, at *1–*2 (C.D. Cal. July 9, 2013) (holding defendant had no objectively reasonable basis for removal where defendant failed to establish federal question or diversity jurisdiction, untimely filed Notice of Removal, and failed to file an opposition to plaintiff's motion to remand).

     The Court has "wide discretion" to grant reasonable attorneys' fees and costs. *Moore v. Permanente Med. Grp., Inc.* 981 F.2d 443, 447 (9th Cir. 1992). Here, the Court finds that Defendant did not have an objectively reasonable basis for seeking removal, therefore, to reimburse Plaintiff for unnecessary litigation costs, the Court awards Plaintiff attorneys' fees and costs in the amount of $437.50. The Court acknowledges this award is below the $962.50 relief Plaintiff requested. (MTR 4, 8, 10.) However, since Defendant never opposed the motion, Plaintiff did not have to prepare a reply as it earlier predicted. (ECF No. 6, Parto Decl. ¶ 4) Accordingly, the $525.00 allocated for that purpose was not factored into the calculation of Plaintiff's reward. (*Id.*)

/ / /

/ / /

/ / /

**C.  The Request for a Court Order Barring Future Removals in This Action and Permission to Proceed Ex Parte in the Event There Are Future Removals**

An Order barring future removals of this particular action is unnecessary since the defendant is already barred by the passing of the 30-day filing deadline provided by § 1447(b).

As to Plaintiff's second request, the Court declines to grant an order permitting Plaintiff to proceed ex parte in the event there are future removals of this action. Once this case is remanded to state court this Court no longer has jurisdiction over the action or the parties. Accordingly, an order permitting Plaintiff to proceed ex parte would be improper. If Defendant again removes this action based on the same failed arguments it has used twice before, he will be required to show cause why he should not be sanctioned for unnecessarily prolonging litigation with frivolous motions. *See* FRCP Rule 11(c)(3), L.R. 11-9.

## V.  CONCLUSION

For the reasons discussed above, this Court finds Defendant had no objectively reasonable basis for seeking removal. Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand and **AWARDS** attorneys' fees against Defendant in the amount of $437.50. (ECF No. 6.) Plaintiff's request for an Order barring future removals of this action and for permission to proceed ex parte in the event there are future removals of this action is **DENIED**. This action is remanded to the Superior Court of the State of California, Los Angeles County, Santa Monica Judicial District. The Clerk of the Court shall close this case.

**IT IS SO ORDERED**

January 23, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

cc: order, docket, remand letter to
Los Angeles Superior Court, Santa Monica, No. 14 R0373

7